**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON**

CIVIL ACTION NO. 13-300-DLB

MARSHALL JACKSON                                                                                    PLAINTIFF


vs.                          **MEMORANDUM OPINION AND ORDER**


CAROLYN COLVIN, Acting
Commissioner of Social Security                                                                     DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 16, 2009, Plaintiff Marshall Jackson filed an application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), alleging an onset date of April 1, 2004, with a date last insured (DLI) of June 30, 2008. (TR 182, 239). Plaintiff was 39 years old at the time of filing. (TR 32). He attended but did not graduate high school, speaks English, and has previously worked as a laborer and machinist. (TR 76, 243, 245). Plaintiff alleges he is unable to work because of lung, back, and hand impairments; infection behind the ears; and high blood pressure. (TR 244).

1

Plaintiff's applications were denied initially and again on reconsideration. (TR 106, 117). After a May 2010 hearing, Administrative Law Judge (ALJ) Katherine Wisz ruled that Plaintiff was not disabled. (TR 59). The Appeals Council vacated and remanded on July 28, 2011. (TR 99-102). On March 29, 2012, after a second hearing, ALJ Don C. Paris also ruled that Plaintiff was not disabled. (TR 10). That decision became the final decision of the Commissioner when the Appeals Council denied review. (TR 1).

The present action was filed on September 12, 2013. (Doc. # 1). This matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. # 14, 16).

## II.  DISCUSSION

### A.  Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of April 1, 2004. (TR 15). At Step 2, the ALJ determined that Plaintiff had the following severe impairments: moderate chronic obstructive pulmonary disease, emphysema, chronic back pain, chronic cervical strain, and degenerative arthritis with joint pain. (TR 16). At Step 3, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

At Step 4, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), with the following limitations: occasionally lift and carry 20 pounds and frequently 10 pounds; stand and walk a total of six hours in an eight hour workday; sit a total of six hours out of an eight-hour workday; no more than frequent pushing and pulling with right upper extremity; occasionally climb stairs and ramps; never climb ladders, ropes, and scaffolds; occasionally stoop,

kneel, crouch, and crawl; no more than frequent reaching overhead with the right upper extremity; avoid concentrated exposure to fumes, odors, dust, gases, extreme cold, heat, and humidity. (TR 17). Relying on Plaintiff's RFC to perform light work and the vocational expert's testimony, the ALJ determined that Plaintiff could perform his past relevant work as an assembler. (TR 20).

At Step 5, the ALJ found that Plaintiff was 34 years old on the alleged disability onset date, has a limited education, and is able to communicate in English. (TR 21). Considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff could perform a significant number of jobs in the national economy. *Id.* ALJ Paris thus concluded that Plaintiff was not under a disability from the alleged onset date of April 1, 2004. (TR 22).

**C.     Analysis**

Plaintiff contends that there is not substantial evidence to support the ALJ's decision. To that end, he raises two arguments. First, that he has a 12.05C Listing impairment.[1] (Doc. # 4 at 5-6). And second, that the ALJ failed to find that he has a severe mental impairment. *Id.* Plaintiff does not challenge the ALJ's findings at Steps 4 and 5.

> **1.     Substantial evidence supports the ALJ's conclusion that Plaintiff has not satisfied the 12.05C Listing impairment**

Plaintiff makes two arguments as to why the ALJ should have found that he has a 12.05C Listing impairment. First, his verbal IQ score of 67 and full IQ score of 68 "individually . . . meet" Listing 12.05C (Doc. # 14 at 5; TR 216); and second, his additional

---

[1] Plaintiff's counsel first raised the issue that he might meet Listing 12.05C in a January 23, 2012 letter. (TR 352).

severe impairments meet Listing 12.05C (Doc. # 14 at 6). In further support, Plaintiff cites his school records, own testimony, and Dr. Edward Burnett's notation that he operates with a "significant cognitive defect." (Doc. # 14 at 5-6; TR 348, 357).

If the claimant's impairment matches or is "equal" to one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, "he qualifies for benefits without further inquiry." *Sullivan v. Zebley*, 493 U.S. 521, 525 (1990). For an impairment to match a listing, "it must meet *all* of the specified medical criteria." *Id.* at 530 (emphasis in original). Listing 12.05C requires a claimant to establish three criteria: "(1) he experiences 'significantly subaverage general intellectual functioning with deficits in adaptive functioning that initially manifested during the developmental period' (i.e., the diagnostic description); (2) he has a 'valid verbal, performance, or full scale IQ of 60 through 70'; and (3) he suffers from 'a physical or other mental impairment imposing an additional and significant work-related limitation of function.'" *West v. Comm'r Soc. Sec. Admin.*, 240 F. App'x 692, 697-98 (6th Cir. 2007) (quoting 20 C.F.R. Pt. 404, Subpt. P, App 1, § 12.05C).[2]

Plaintiff's argument fails because, as the above case law makes clear, he must meet all the criteria of Listing 12.05C. *Sullivan*, 493 U.S. at 530; *Foster v. Halter*, 279 F.3d 348,

---

[2] Listing 12.05C provides in pertinent part:
[I]ntellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

5

354 (6th Cir. 2001). This is true no matter the severity of his impairment. *Sullivan*, 493 U.S. at 530. Thus, despite Plaintiff's documented full IQ score of 68, his additional severe impairments (TR 16), and the other evidence he cites, if there is substantial evidence that he does not meet one of the required criteria, this Court must affirm the ALJ's decision. Here, the ALJ concluded that Plaintiff does not have deficits in adaptive functioning, as is required by Listing 12.05C's introductory paragraph. (TR 16).

"Adaptive functioning includes a claimant's effectiveness in areas such as social skills, communication, and daily living skills." *West*, 240 F. App'x at 698 (citing *Heller v. Doe by Doe*, 509 U.S. 312, 329 (1993)). The ALJ found that Plaintiff's "social and interpersonal skills are not significantly limiting" because he talks to his daughter (TR 49), attends church occasionally with his mother (TR 27-28), visits with family and friends (TR 52-53), and has a girlfriend who visits regularly (TR 52). (TR 16). Further, the ALJ determined that based on Plaintiff's conduct at the hearing, there is no "issue in communication skills." *Id.* With respect to daily living skills, the ALJ concluded that "home living is not significantly limited" because Plaintiff stated that he can bathe, dress and feed himself (TR 51, 86); that he does household chores (*id.*); and that his "[l]eisure activities include fishing and camping" (TR 53). (TR 16-17). Additionally, the ALJ noted that Plaintiff had a good work history until 2002, including working at one job for five consecutive years, and that therefore there is "no evidence of difficulty in self-direction functioning." (TR 16, 35-38, 77-79); *see Foster*, 279 F.3d at 355 (holding that a claimant's work history was proof she did not have deficits in adaptive functioning). Finally, the ALJ concluded that health and safety was not an issue because Plaintiff was able to operate machinery at a sawmill. (TR 17, 38).

Plaintiff contends that he is "not truly taking care of himself." (Doc. # 14 at 3). He states that he depends on his family to do his chores and provide his transportation, and notes his poor dental health and hypertension. *Id.* He further suggests that contrary to the ALJ's finding, he is not able to read. *Id.* There is some evidence to support Plaintiff's position – however, there is *more than* substantial evidence to support the ALJ's conclusion. Therefore, this Court will uphold the ALJ's decision that Plaintiff's impairment does not met a 12.05C Listing impairment.

### 2. It is legally irrelevant whether Plaintiff has a severe mental impairment

Plaintiff suggests that the ALJ erred in failing to find that he has a severe mental impairment. (Doc. # 14 at 5-6). Even if true, Plaintiff's argument is of no consequence. The ALJ found at step two that Plaintiff had other severe impairments (moderate chronic obstructive pulmonary disease, emphysema, chronic back pain, chronic cervical strain and degenerative arthritis with joint pain) and moved to the next step in the sequential analysis. Because Plaintiff cleared step two, "the fact that some of [his] impairments were not deemed to be severe . . . is . . . legally irrelevant." *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)). Therefore, even if the ALJ erred in not finding that Plaintiff has a severe mental impairment, that err is not reversible. *Id.*

### III. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that:

(1) The Commissioner's Motion for Summary Judgment (Doc. # 16) is hereby **GRANTED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 14) is hereby **DENIED**; and

(3) A Judgment shall be entered contemporaneously with this opinion.

This 28th day of January, 2015.



Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\Lexington\5-13-300 JACKSON MOO.wpd